GODREAU *v.* THE AMERICAN RAILROAD COMPANY.

APPEAL from the District Court of Ponce.

No. 685.—Decided June 16, 1911.

DAMAGES—NEGLIGENCE OF DEFENDANT.—In an action for damages based on the negligence of defendant, it is not sufficient to prove that defendant was merely negligent, but it must also be established that his negligence was the real cause of the accident.

ID.—CONTRIBUTORY NEGLIGENCE.—When the defendant alleges that the accident was due to the plaintiff's own negligence, and the evidence shows that such negligence existed to such a degree that without it the accident could not have occurred, the plaintiff has no right to recover for the damages that he may have suffered.

ID.—EVIDENCE—VOLUNTARY STATEMENTS.—The statements made to a policeman some hours after the accident, and at the place where it occurred, by the driver of the plaintiff's wagon, with which the train of the defendant collided, are admissible in evidence in cases of this nature, if it is shown that they were made voluntarily.

The facts are stated in the opinion.

*Mr. Francisco Giménez* for appellant.

*Messrs. N. B. K. Pettingill* and *Fernando Vázquez* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Arturo Godreau y Duffaut filed a complaint in the District Court of Ponce against The American Railroad Company of Porto Rico to recover $1,200 damages, basing his claim on the following facts:

"1. That the defendant, The American Railroad Company of Porto Rico, is a corporation registered in the office of the Secretary of Porto Rico, having its principal office in San Juan, P. R., and a branch office in Ponce, P. R., and, among other things, is engaged in the transportation of sugar-cane between Ponce and Guayama; that on March 12, 1910, and prior thereto, it was engaged in such transportation of cane between the aforementioned places.

"2. That the plaintiff, Arturo Godreau y Duffaut, on and before March 12, 1910, was the owner of a four-wheeled wagon and four American mules which he used in transporting freight between Ponce and Salinas.

"3. That on March 12, 1910, a freight train, made up of 10 cars driven ahead by engine No. 33 belonging to the defendant, The American Railroad Company of Porto Rico, collided with the wagon drawn by the plaintiff's four mules at a crossing which runs over the coast road opposite the plantation 'Fortuna' in the judicial district of Ponce. That as a result of said collision three of said mules died and the plaintiff's wagon was badly damaged. The plaintiff further alleges that said collision was due entirely to the gross negligence of the conductor and engineer of said train No. 33, said negligence consisting in that the 10 cars were driven ahead by the engine and that no lookout was on the first car; that the persons in charge of the train failed to blow a whistle, ring a bell, or give any other signal of warning before the train reached the said crossing, and that the train was going at full speed.

"4. That as a consequence of the collision which occurred by reason of the negligence of the employes of the defendant, as alleged in the preceding paragraph, plaintiff lost the three mules, which were killed and which were valued at $750, and was also obliged to spend money in the repair of the wagon; and, further, that the plaintiff has failed to earn the money that his transportation service between Ponce and Salinas would have produced, inasmuch as said service was rendered for cash, whereby the plaintiff has suffered damages which he estimates in the sum of one thousand two hundred dollars ($1,200)."

The defendant answered the complaint denying each and every allegation thereof, and as new matter alleged:

"That if the accident alleged in the complaint occurred, it was due to the negligence of the plaintiff or to that of his employes, who

failed to exercise all the care and diligence necessary to prevent the accident.''

The trial having been held, the district court rendered judgment dismissing the complaint with costs against the plaintiff. From this judgment the present appeal has been taken.

The fact that on the date and at the place mentioned in the complaint the collision occurred between the mules harnessed to the wagon of the plaintiff and the railroad cars of the defendant, as a consequence of which three of plaintiff's mules died, is clearly established by the evidence of the plaintiff as well as that of the defendant. The controversy rests solely upon the causes of the accident, whether or not plaintiff was negligent in going over the crossing, and whether or not the plaintiff committed acts constituting contributory negligence.

Let us first examine the negligent acts charged by the plaintiff to the defendant, and then we will examine the acts which the defendant tried to prove in order to show its diligence and the negligence of the plaintiff, and in connection therewith the evidence introduced by both parties.

The plaintiff maintains that he has proved that the persons in charge of the train failed either to blow the whistle or ring the bell on the locomotive upon approaching the crossing over the highway.

Three witnesses of the plaintiff who saw the accident testified that the train neither blew the whistle nor rang the bell. On the other hand, the engineer of the train testified that he blew the whistle, the fireman that he rang the bell, and the conductor that the whistle was blown and the bell rung. The evidence, therefore, is contradictory.

The plaintiff also holds, as proved, that the train of the defendant was going at a dangerous rate of speed when crossing the road, and that eight large cars, which are used in transporting cane, were coupled in front of the engine.

With respect to the speed, the evidence does not enable us to reach a definite conclusion; and with respect to the cars being in front of the engine, it appears from the evidence that such was the fact. Such fact does not constitute negligence *per se,* but considering the circumstances of this case, and especially the one considered in the following paragraph, it might, perhaps, be deemed to constitute negligence on the part of the defendant.

The plaintiff also holds as proven that there was no light on the first car of the train, and his witnesses so testified. On the other hand, the testimony of the witnesses for the defendant tends to show that an employe of the defendant was on the first car with a lantern whose light "could be seen at a distance of about 500 meters." The evidence therefore is contradictory.

The plaintiff further holds as proven that there was no light whatever at the road crossing. This is true, but it is not negligence *per se.* It has not been shown that any law or ordinance imposing such duty upon the defendant is in force.

The defendant proved that the signpost required by the regulations of the Executive Council, in force since March 1, 1909 (*Official Gazette* of February 28, 1909, page 96), or, in other words, a post upholding a cross and a board with the words "Railroad Crossing" (*Ojo al Tren*) painted on the arms of the cross, and "Stop, Look, Listen," (*Párese, Mire, Oiga*) on the board below, was in place at the road crossing in question.

The defendant has also proven that an electric alarm bell, which starts to ring as soon as the engine enters the electric circuit and continues ringing until the train has crossed the road, is situated at said crossing on the right-hand side of the track.

With respect to the electric alarm bell on the night of the accident, the evidence is contradictory. The principal witnessess for the plaintiff, already referred to, testified that they did not hear the bell, but the witnesses for the defend-

ant, not only its employes, but other witnesses who were riding on a hand car, stated that they heard it; and other evidence introduced was to the effect that the driver of plaintiff's wagon admitted some hours after the accident that he heard the electric bell. The driver denied at the trial having made such admission.

In connection with the alarm bell, the plaintiff tried to prove that shortly before the accident a carriage passed along ringing its bell, with the intention undoubtedly of proving to the court that the driver of the mule wagon might have mistaken the sound of the railroad alarm bell for that of the carriage, which according to the testimony of one of the witnesses, was similar.

Finally, it appears from the evidence that plaintiff's mule wagon was regularly engaged in the transportation of merchandise and that the driver and his assistant were perfectly familiar with the road and, consequently, with the crossing, it being customary for them to stop when approaching it, a precaution which they failed to take on the night of the accident. Taking this circumstance in connection with the others surrounding this case, we might conclude that plaintiff's own employes were guilty of contributory negligence and, therefore, that had said employes been diligent the accident from which this action originates would have been averted.

This being so, although the conclusion might be reached that the defendant was somewhat negligent in the manner of running its cars across the highway, such negligence not being the real cause of the accident, it cannot be charged with the duty of indemnifying the plaintiff the damages suffered by him as a consequence of the negligence of his own employes.

No findings of facts were made by the trial court, nor does it appear that an opinion was rendered in support of its decision. There is only the judgment declaring that the law and the facts are in favor of the defendant company and

against the plaintiff.  In virtue thereof we must therefore consider that on those points where the evidence is contradictory the court decided the conflict in favor of the defendant, and as it has not been proven that the court acted with passion, prejudice, or partiality, or committed manifest error we must not disturb its conclusions.

The only exception taken during the progress of the trial was one on the part of the plaintiff with respect to the admission of a certain document containing statements made by the driver of the mule wagon some hours after the accident and at the place thereof.  Said statements were made to a policeman, who at the trial stated under oath that they had been made voluntarily by the driver; M. R. Ronney, a witness for the defendant, also testifying to the same effect. If, notwithstanding the testimony of the driver denying having made such statements, the judge believed, in virtue of the testimony of other witnesses, that they were made voluntarily, said statements were admissible in evidence and subject later to weight by the judge when examining the entire case.  And in so deciding, the trial court committed no error of law.

The appeal cannot be sustained and the judgment appealed from, except the judgment with respect to costs, must be affirmed, because upon consideration of all the foregoing it may be concluded that there was no malice or temerity on the part of the plaintiff and that he could in good faith believe, though erroneously, that he had a just cause of action.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary dissented.